## Johnson v. Engle et al.

*R. L. Mervine*, for plaintiff.
*C. C. Shull*, for defendant.

SHULL, P. J., September 17, 1935.—This matter is presented to us on a case stated. The question raised by this case stated is whether, in an action of replevin, where a counter-bond or claim property bond is filed, said bond shall be filed with the prothonotary or with the sheriff.

Prior to the Act of April 19, 1901, P. L. 88, replevin bonds and counter-bonds were filed with the sheriff. While the law prior to 1901 made no provision for counter-bonds, it became a recognized part of our procedure in actions of replevin by reason of the common practice

of filing and acceptance of them in our courts. The responsibility for the sufficiency of the sureties in a replevin bond rested upon the sheriff. By the Act of 1901, this responsibility was shifted from the sheriff. It became the duty of the prothonotary to inquire into the responsibility of sureties offered on a replevin bond and to approve and file the same. The Act of 1901 provides for the filing of a counter-bond but does not state where it shall be filed. The conditions of the counter-bond are identical with the replevin bond, that is, speaking generally, for the protection of the parties in interest. If the bond be filed with the sheriff, then there is no record of it except as may be in the sheriff's return to the writ of replevin. If filed with the prothonotary, such filing is not only entered on the docket but the bond itself becomes a part of the files of the case.

It is urged that if this bond be filed with the prothonotary then the sheriff would have no notice of the fact, but there has grown in this State a practice followed in many jurisdictions of filing this bond with the prothonotary, upon which the prothonotary issues a certificate of such filing to the defendant, or to the intervening defendant as the case may be, which certificate is filed with the sheriff by the party to whom it is issued and with him rests the responsibility of filing it with the sheriff.

We are mindful of the decision in the case of Hill v. Mervine (No. 1), 13 Dist. R. 580, and agree with the thought expressed that this legislation was passed to relieve the sheriff of the harshness of the rule which placed on him and his sureties responsibility for the worth of the sureties on a replevin bond. And further, this act was passed to make uniform throughout this Commonwealth the practice in actions of replevin. We feel further, as was stated in the case of Tyger v. Chambers, 64 Pitts. 697, 698-699, that what has been above said relative to the bond applies with equal force to the counter-bond. In that case the court said:

"That a counter-bond in replevin should be filed with

the Prothonotary, that he should, in the first instance, fix the amount of bail (which he does by fixing it at the amount at which he fixed the plaintiff's bond), and approve or reject the security offered".

"The provision in Section two of the Act of March 19, 1903, P. L. 39, that 'the Prothonotary shall, in the first instance, fix the amount of bail and approve or reject the security offered,' is equally applicable to the counter-bond."

"One of the purposes of this legislation was to relieve the Sheriff and his sureties from responsibility".

See also Automobile Finance Co. v. Standen, 8 Leh. L. J. 309, to the same effect.

We are of the opinion that the filing of a counter-bond in an action of replevin with the prothonotary complies with the requirements of the Replevin Act of 1901.

And now, September 17, 1935, in accordance with the request for judgment in the case stated, it is ordered, adjudged and decreed that the automobile in question be delivered to Katie Engle, defendant in this case. Costs of this proceeding to follow the suit.